UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANNIE HORTON | § § § | |
| Plaintiff, | § | Civil Action No.: 3:18-cv-02150-B |
| | § | |
| v. | § § | |
| ERICKSON LIVING & HIGHLAND SPRINGS, INC. | § § § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Jannie Horton ("Horton" or "Plaintiff") brings this action against Defendants, Erickson Living ("Erickson") and Highland Springs, Inc. ("Highland"), for violating the laws of the United States of America, as well as the State of Texas, and alleges the following:

### I.   INTRODUCTION

1. This action seeks equitable relief, compensatory damages, and exemplary damages, front and back pay, attorneys' fees and costs, expert witness fees, costs of court, pre-judgment and post-judgment interest for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA"), and Texas state law.

2. Plaintiff demands a jury on all issues triable to a jury.

## II. PARTIES

3. Plaintiff, Jannie Horton, is an individual who is a resident of Dallas County, Texas and can be reached by and through her counsel of record, Vincent Bhatti and Ditty Bhatti, The Bhatti Law Firm, 14785 Preston Road, Suite 550, Dallas, Texas 75254.

4. Defendant, Erickson Living is a Maryland corporation that is authorized to do and does business in Dallas County, Texas and may be served at its corporate headquarters located at 701 Maiden Choice Lane, Catonsville, MD 21228.

5. Defendant, Highland Springs, Inc. is a Maryland corporation that is authorized to do and does business in Dallas County, Texas and may be served by and through its registered agent, Corporation Service Company d/b/a CSC-Lawyers, Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701.

## II. JURISDICTION, VENUE, AND DISCOVERY PLAN

6. Plaintiff was employed by Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and under Texas state law. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§206-207.

7. Defendant is engaged in commerce or the production of goods for commerce within the meaning of the FLSA, and is obligated to ensure that all employees are paid in accordance with the FLSA.

8. Defendant is an employer of Plaintiff under the FLSA and Texas state law.

9. This Court has jurisdiction to hear the merits of Plaintiff's claims under federal question jurisdiction and concurrent jurisdiction with state courts on cases filed under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), and Texas state law.

10. Plaintiff's damages are within the jurisdictional limit.

11. Venue is proper as to all parties in Dallas County, Texas, because issues in question occurred in Dallas County, the contract in question was executed in Dallas County, and Defendant's violations were in violation of both federal and state laws.

12. All conditions precedent have been performed or have occurred.

### III.   FACTS

13. At all times relevant to this case, Defendants have been an "employer" of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Texas state law.

14. At all times relevant to this case, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

15. At all times relevant to this case, Defendants have been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s) (1), in that said enterprises have had (a) employees engaged in commerce or in the production of goods or commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.  In addition, said enterprise has had and has an annual gross volume of sales made or business done of not less that $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times relevant to this case, Plaintiff was an individual employee who was engaged in commerce pursuant to 29 U.S.C. §§ 206-207.

17. Plaintiff was employed by Defendants within the applicable statute of limitations.

18. Plaintiff was employed by Defendants from approximately January 23, 2017 to September 19, 2017 (hereinafter, the "Covered Period").

19. Plaintiff applied to, was interviewed for and was hired as a Catering Coordinator for Defendant in January 2017.

20. On or about January 23, 2017, Plaintiff began the Catering Coordinator position for Defendant.

21. The Catering Coordinator position at Erickson Living/Highland Springs was classified as a non-exempt position.

22. Nevertheless, for purposes of pay, Plaintiff was classified as an Assistant Manager of Dining which is an exempt position.

23. Throughout the Covered Period, Plaintiff was a full-time employee of Defendants.

24. Throughout the Covered Period, Defendants required Plaintiff to complete a workload that required significant hours over 40 hours in a week under FLSA and was required to work closer to 80 hours per week (barring vacation days, sick days, or other days off from her schedule).

25. Plaintiff's work shifts for Defendants consistently totaled more than forty (40) hours per week and averaged around 80 hours per week.

26. Plaintiff was not paid for overtime hours as required under the FLSA for the Catering Coordinator position and instead, for purposes of pay, was classified as an Assistant Manager of Dining which was an exempt position.

27. Plaintiff was intentionally misclassified as salaried and exempt.

28. Plaintiff made several complaints about a failure to receive overtime and was eventually terminated in retaliation for requesting that Erickson Living comply with the FLSA.

29. Plaintiff was told by Defendant's representatives/management to enter only 80 hours per pay period into its time record program regardless of the number of hours she actually worked in a week.

30. The aforementioned acts and conduct by Defendants, its agents and employees were intentional, willful, wanton, malicious and outrageous.

## IV.   CAUSES OF ACTION

A.   *FAILURE TO PAY OVERTIME UNDER THE FLSA AND RETALIATION*

31. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

32. At all times relevant to this case, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty within a workweek.

33. Defendants also justified not paying overtime earned throughout the week by misclassifying employees as "salaried" and/or "exempt" employees.

34. Defendants failed to keep proper records of Plaintiff's time worked as well as those records of similarly situated employees.

35. Defendants required Plaintiff to modify her hours worked on time records.

36. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages plus incurring reasonably attorneys' fees and costs.

37. Further, Plaintiff reported Defendants' failure to pay overtime and then was falsely accused of performance issues and terminated from her position in retaliation for making such reports.

38. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages, interest, attorney's fees and court costs.

B. *BREACH OF CONTRACT*

39. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

40. Plaintiff and Defendants entered into an employment contract when they decided to engage in the employer-employee relationship.

41. Defendants agreed to pay Plaintiff for her non-exempt position of Catering Coordinator according to the law.

42. Defendants breached the agreement by failing to pay Plaintiff per the agreed and represented compensation schedule for the non-exempt Catering Coordinator position by failing to pay proper overtime.

43. Plaintiff suffered significant damages as a result of Defendants' breach.

C. *NEGLIGENT AND INTENTIONAL MISREPRESENTATION*

44. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

45. Defendants posted, interviewed for and hired Plaintiff for the Catering Coordinator position. During the process of offering and accepting the job, Defendants represented Plaintiff would rarely conduct some duties as an exempt Assistant Manager of Dining position (an exempt position) as needed.

46. Defendants represented that Plaintiff was eligible for overtime in a non-exempt Catering Coordinator position.

47. Plaintiff did not perform Assistant Manager of Dining duties in any significant manner.

48. Defendants then employed Plaintiff as a non-exempt Catering Coordinator, had Plaintiff work significant overtime hours, but for purposes of compensation Defendants classified Plaintiff as exempt by listing her as an exempt Assistant Manager of Dining.

49. Defendants had a pecuniary interest in having Plaintiff take the position of Catering Coordinator and then avoiding its overtime obligations under the FLSA by paying her on an exempt basis by classifying her as an Assistant Manager of Dining.

50. Defendants intentionally misled Plaintiff to accept the Catering Coordinator position by offering overtime.

51. Defendants did not exercise reasonable care or competence in communicating the reality of Plaintiff's overtime eligibility.

52. Plaintiff relied upon Defendants' representations that she was eligible for overtime when she took the position of Catering Coordinator.

53. Plaintiff was not paid overtime despite being told she was eligible for overtime in her non-exempt Catering Coordinator position and therefore suffered pecuniary damages as a result.

**D.**   *FRAUD*

54. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

55. Defendants represented that Plaintiff would be eligible for overtime in the Catering Coordinator position.

56. Defendants' representation was false because although Plaintiff started the non-exempt Catering Coordinator position, she was classified as exempt and falsely represented to be an Assistant Manager of Dining even though she did not perform such duties in any significant measure.

57. Defendant knew that they hired Plaintiff as a Catering Coordinator and intentionally misclassified her as an Assistant Manager of Dining for purposes of pay to avoid overtime payments under the law.

58. Defendant told Plaintiff that she would be a Catering Coordinator during her hiring process and therefore eligible for overtime pay.

59. At the time of hire, Defendants knew that they planned on hiring Plaintiff as a Catering Coordinator and then later paying her as an exempt Assistant Manager of dining.

60. Defendants knew that Plaintiff would rely on their representation of overtime eligibility when she took the position of Catering Coordinator.

61. Plaintiff did rely upon Defendants representation when she decided to take the position of Catering Coordinator.

62. Plaintiff took the Catering Coordinator position relying upon on Defendants representations.

63. Plaintiff was not paid overtime and therefore suffered damages.

## V. ATTORNEYS' FEES AND COSTS

64. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

65.   Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. and Texas state law for all state causes of action asserted herein.

## VII.   JURY DEMAND

66. Plaintiff requests a trial by jury.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jannie Horton, respectfully requests that this Court award her judgment against Defendants, Erickson Living and/or Highland Springs for the following:

a.   Actual and consequential damages;

b.   Liquidated damages;

c.   Attorneys' fees and expenses;

d.   Pre-judgment and post-judgment interest as allowed by law;

e.   Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

f.   Judgments against Defendant that their violations of the FLSA and Texas state law were willful;

g.   Costs of court; and

h.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**The Bhatti Law Firm, PLLC**

s/Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803

14785 Preston Road
Suite 550
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
Vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF,
JANNIE HORTON**

## CERTIFICATE OF CONFERENCE

The undersigned attorney, hereby certify to the Court that counsel for Plaintiff has conferred with Defendant regarding this First Amended Complaint. Defendant agrees to the filing of the First Amended Complaint.

/s/ Vincent J. Bhatti
Vincent J. Bhatti

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was personally filed with the clerk of the U.S. District Court, Northern District of Texas, and that the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

MICHAEL J. DEPONTE
Michael.deponte@jacksonlewis.com
klong@thompsonhorton.com
Jackson Lewis P.C.
500 North Akard Street, Suite 2500
Dallas, Texas 75201
(214) 520-2400 – Telephone
(214) 520-2008– Facsimile

 /s/Vincent J. Bhatti
Vincent J. Bhatti