IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANNIE HORTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-02150-B |
| | § | |
| ERICKSON LIVING & | § | |
| HIGHLAND SPRINGS, INC | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Erickson Living and Highland Springs, Inc. (collectively referred to herein as "Defendants") file their answer to Plaintiff Jannie Horton's First Amended Complaint.

## I.   INTRODUCTION

1. Defendants admit Plaintiff seeks damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Texas state law, but deny the veracity of her claims.

2. Defendants acknowledge that Plaintiff requests a trial by jury in Paragraph 2 of the Complaint.

## II.   PARTIES

3. Defendants are without sufficient knowledge to admit or deny Plaintiff's current residence and, therefore, deny same.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

## III.   JURISDICTION AND VENUE[1]

6. Defendants admit Highland Springs employed Plaintiff. The remaining allegations in Paragraph 6 contain legal conclusions to which no response is necessary.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

---

[1] Plaintiff incorrectly includes "Discovery Plan" within this header, but Erickson Living has removed this header in this Answer.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**   Page 1

8.  Defendants admit the allegations in Paragraph 8 of the Complaint.

9.  Defendants admit the Court has jurisdiction over Plaintiff's federal claims and may exercise jurisdiction over Plaintiff's state law claims.

10. Defendants are without sufficient knowledge to admit or deny whether Plaintiff's damages are within the jurisdictional limit and, therefore, deny same.

11. Defendants admit that venue is proper in this Court.

12. Paragraph 12 contains legal conclusions to which no response is necessary.

### IV.     FACTS

13. Defendants admit that Highland Springs has been an employer of Plaintiff within the meaning of the FLSA.

14. Defendants admit that Highland Springs has been an enterprise within the meaning of the FLSA.

15. Defendants admit Highland Springs has been an enterprise engaged in commerce within the meaning of the FLSA.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants admit Highland Springs employed Plaintiff. The remaining allegations in Paragraph 17 contain legal conclusions to which no response is necessary.

18. Defendants admit Plaintiff was employed by Highland Springs from January 23, 2017 to September 19, 2017.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants admit the Catering Coordinator position at Highland Springs is classified as a non-exempt position.

22. Defendants admit Plaintiff was classified as exempt as an Assistant Manager of Dining for pay and all other purposes.

23. Defendants admit Plaintiff was a full-time employee of Highland Springs.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants admit Plaintiff was employed in an exempt position and, therefore, properly paid for all hours worked.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

## V.     CAUSES OF ACTION

### A.    Failure to Pay Overtime Under the FLSA and Retaliation

31. Defendants repeat and reallege their specific admissions or denials in Paragraphs 1-30 as if stated fully herein.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants are not required to admit or deny Plaintiff's request for damages, but deny Plaintiff is entitled to any of the relief sought and deny the remaining allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants are not required to admit or deny Plaintiff's request for damages, but deny Plaintiff is entitled to any of the relief sought.

### B.    Breach of Contract

39. Defendants repeat and reallege their specific admissions or denials in Paragraphs 1-38 as if stated fully herein.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43.    Defendants are not required to admit or deny Plaintiff's request for damages, but deny Plaintiff is entitled to any of the relief sought.

**C.    Negligent and Intentional Misrepresentation**

44.    Defendants repeat and reallege their specific admissions or denials in Paragraphs 1-43 as if stated fully herein.

45.    Defendants deny the allegations in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations in Paragraph 51 of the Complaint.

52.    Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 52 of the Complaint and, therefore, deny same.

53.    Defendants deny the allegations in Paragraph 53 of the Complaint.

**D.    Fraud**

54.    Defendants repeat and reallege their specific admissions or denials in Paragraphs 1-53 as if stated fully herein.

55.    Defendants deny the allegations in Paragraph 55 of the Complaint.

56.    Defendants deny the allegations in Paragraph 56 of the Complaint.

57.    Defendants deny the allegations in Paragraph 57 of the Complaint.

58.    Defendants deny the allegations in Paragraph 58 of the Complaint.

59.    Defendants deny the allegations in Paragraph 59 of the Complaint.

60.    Defendants deny the allegations in Paragraph 60 of the Complaint.

61.    Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 61 of the Complaint and, therefore, deny same.

62. Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 62 of the Complaint and, therefore, deny same.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

## VI.      ATTORNEYS' FEES AND COSTS

64. Defendants repeat and reallege their specific admissions or denials in Paragraphs 1-63 as if stated fully herein.

65. Defendants are not required to admit or deny Plaintiff's request for attorneys' fees and costs, but deny Plaintiff is entitled to any of the relief sought.

## VII.     JURY DEMAND

66. Defendants acknowledge that Plaintiff requests a trial by jury in Paragraph 66 of the Complaint.

## VIII.    PRAYER FOR RELIEF

67. Defendants deny Plaintiff is entitled to any relief sought and to the extent that the prayer for relief contains allegations to which Defendants are required to respond, Defendants deny every allegation.

## DEFENSES AND/OR AFFIRMATIVE DEFENSES

Defendants further allege the following defenses and affirmative defenses to the purported causes of action in the Complaint as follows:

1. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, consent, estoppel, unclean hands, and/or after-acquired evidence.

2. At all times material to the Complaint, Defendants acted in good faith and upon reasonable reliance upon the provisions of the FLSA, interpretive case law, and regulations, orders, rulings, approvals, interpretations, and opinion letters of the U.S. Department of Labor.

3. Plaintiff's claims are barred, in part, by the Texas Workers' Compensation Act.

4. Plaintiff's claim for breach of contract claim for lack of consideration and/or lack of the meeting of the minds.

5. Plaintiff's claim for breach of contract is barred by Plaintiff's ratification of any alleged contract, and her waiver of any claims.

6. Plaintiff's claims are barred by the doctrine of the statute of frauds.

7. Claims for hours allegedly worked without Defendants' actual or constructive knowledge are barred.

8. Defendants are entitled to offset or recoup claimed damages to the extent payment has already been made to Plaintiff or to the extent Plaintiff has been paid overtime.

9. Defendants at all times acted in good faith and with reasonable grounds for believing its acts or omissions were not in violation of law.

10. Any alleged violation of the FLSA by Defendants was not willful.

11. To the extent Plaintiff's time records are inaccurate, Plaintiff is estopped by her own misconduct from recovering damages or any other relief against Defendants.

12. Plaintiff may meet one or more overtime-pay exemptions under the FLSA.

13. Defendants specifically invoke all statutory limitations of liability applicable to any and all asserted causes of action in this case.

14. Some or all of Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies or otherwise comply with all conditions precedent to the filing of claims asserted in this action.

15. Defendants affirmatively assert that Plaintiff is not entitled to any or all of the relief sought in the Complaint.

16. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted.

17. Defendants affirmatively assert that Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged injury.

18. Any action taken outside the course and scope of an employee's employment and contrary to Defendants' policies, was not ratified, confirmed, or approved by Defendants.

19. To the extent Plaintiff concedes that lawful business motives motivated the employment decision at issue, Defendants would have made the same decision for those lawful reasons regardless of any unlawful motive; nonetheless, Defendants deny that unlawful motives played any role whatsoever in Plaintiff's employment.

20. If any improper, illegal, or retaliatory actions were taken by any of Defendants' employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendants' policies, and were not ratified, confirmed, or approved by Defendants. Thus, any such actions cannot be attributed or imputed to Defendants.

21. If any improper, illegal, or retaliatory actions were taken by any of Defendants' employees against Plaintiff, they were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendants and thus cannot be attributed or imputed to Defendants.

22. Plaintiff failed to take reasonable steps to adequately mitigate her alleged damages.

23. Defendants are entitled to an offset for income, compensation, and benefit that Plaintiff received after the employment decision at issue.

24. Defendants assert their entitlement to any allowable credit or offsets against a judgment, if any, in favor of Plaintiff.

25. Defendants invoke all applicable damages caps or limitations.

26. Plaintiff's claims for damages are barred to the extent they are in violation of the Constitutions of the United States and the State of Texas, or any other applicable law.

27. In addition to the foregoing defenses, Defendants reserve the right to assert any other defenses available upon the completion of discovery.

For these reasons, Defendants respectfully request that a take-nothing judgment be entered against Plaintiff and that Defendants recover all costs together with such other and further relief, both at law and in equity, to which Defendants may be justly entitled.

        Respectfully submitted,

        */s/ Hisham A. Masri*
        Michael J. DePonte
        State Bar No. 24001392
        michael.deponte@jacksonlewis.com
        Hisham A. Masri
        hisham.masri@jacksonlewis.com
        State Bar No. 24091108
        JACKSON LEWIS P.C.
        500 N. Akard, Suite 2500
        Dallas, Texas 75201
        PH:  (214) 520-2400
        FX:  (214) 520-2008

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document was delivered to this Court on September 21, 2018, which will be electronically filed by the clerk of the U.S. District Court, Northern District of Texas using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record as follows:

      Vincent J. Bhatti
      vincent.bhatti@bhattilawfirm.com
      Ditty S. Bhatti
      ditty.bhatti@bhattilawfirm.com
      14785 Preston Road, Suite 550
      Dallas, Texas 75254

                                */s/ Hisham A. Masri*
                                Michael J. DePonte